■    In the Matter of PYRAMID COMPANY OF ITHACA, Appellant, v GRIEVANCE BOARD OF REVIEW OF TOMPKINS COUNTY et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered January 16, 1979 in Tompkins County, which dismissed petitioner's first cause of action under section 485-b of the Real Property Tax Law. Petitioner is the owner of the Pyramind Mall, a shopping center located in the Village of Lansing, County of Tompkins. In the month of June, 1978, petitioner filed a complaint before the respondent Board of Assessment Review for Tompkins County, asserting, among other things, that it was entitled to a partial exemption under section 485-b of the Real Property Tax Law. The board rejected petitioner's application, and the assessment became final on August 1, 1978. On or about August 21, 1978, petitioner commenced this proceeding, pursuant to article 7 of the Real Property Tax Law, to review the respondent's determination. The first cause of action in the petition alleged that its "assessment is illegal for the reason that petitioner is the owner of real property constructed, altered or improved subsequent to the 1st day of January, 1976, for the purpose of commercial business activity, and as such, is entitled to exemption from taxation, special ad valorem levies, and service charges to the extent of 45% of the cost of construction completed prior to 1978, and 50% of the construction commenced after 1977 and completed prior to June 1, 1978". Exemption was alleged pursuant to section 485-b of the Real Property Tax Law, which provides that real property constructed, altered, installed or improved subsequent to July 1, 1976 for the purpose of commercial, business or industrial activity shall be exempt from taxation, special ad valorem levies and service charges to the extent provided in paragraph (a) of subdivision 2 of said section if such construction, alteration, installation or improvement was commenced subsequent to January 1, 1976, and the cost thereof exceeds $10,000. On or about November 2, 1978, respondent moved for an order dismissing the petition, asserting by affidavit that petitioner was not entitled to relief under section 485-b, in that the initial application for a building permit was made on March 11, 1974; that a representative of petitioner had asserted under oath on July 21, 1975, that prior to February 21, 1975 petitioner had begun actual construction of the shopping mall, and as of July 21, 1975 had expended approximately $600,000 upon the project, and that as of February 14, 1975 foundation footings had been poured. Special Term found that 85 to 90% of the work of preparing the site had been completed in 1975 and that about 100 footings

had been installed in 1975, and that these acts were sufficient to show that construction was, in fact, commenced prior to January 1, 1976. It also found that an addition to the mall for the purpose of including another department store was commenced in 1977 and that respondents gave no consideration to any claim that this was new construction or alteration or improvement within the provisions of section 485-b. Special Term then dismissed the first cause of action, but directed respondents to consider petitioner's application for exemption with respect to the addition commenced in 1977. The second cause of action was referred to the Special Pretrial Calendar in accordance with rule 862.6 of the Rules of the Third Judicial Department (22 NYCRR 862.6). The determination of Special Term as to that portion of petitioner's real property constructed pursuant to the permit issued in 1974 finds support in the record. The contention of petitioner that it is entitled to an exemption based upon work pursuant to specific contracts executed after January 1, 1976, and payments for work thereunder based on alterations, improvements and installations commenced after January 1, 1976, and completed after July 1, 1976, is without merit. Legislative intent is "primarily to be determined from the language used in an act, considering the language in its most natural and obvious sense." (McKinney's Cons Laws of NY, Book 1, Statutes, § 232.) The purpose of section 485-b was to encourage the improvement of real property for commercial, business and industrial purposes, including the improvement of obsolete facilities. (Memorandum of State Executive Department, McKinney's Session Laws of N. Y., 1976, p 2309.) The words, alteration or improvement, thus refer to existing buildings and do not refer to alterations or improvements in design or in the plans for construction of new buildings, during the course of construction. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.